# Wytheville

RICHMOND COCA-COLA BOTTLING WORKS, INCORPORATED, V.
OTIS L. ANDREWS, ET AL.

June 12, 1939.

Record No. 2096.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*Aubrey R. Bowles, Jr., A. Scott Anderson* and *H. Armistead Boyd,* for the plaintiff in error.

*Thomas A. Williams, L. C. O'Connor, Sinnott & May* and *V. P. Randolph, Jr.,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Otis L. Andrews has obtained a verdict and judgment against Richmond Coca-Cola Bottling Works, Inc., for dam-

ages for injuries sustained in an automobile collision which occurred during the five o'clock rush hour on the afternoon of July 14, 1937, on Leigh street between Sixth and Seventh streets, in the city of Richmond. The three vehicles involved in the collision were proceeding westward, at a speed of about ten to fifteen miles per hour, in a long line of heavy traffic and in the following order: A car driven by J. K. Williams was first, another driven by W. B. Quisenberry was second, and a Ford truck owned by the Richmond Coca-Cola Bottling Works, Inc., and operated by one of its drivers, was third. Andrews, the plaintiff below, was riding as a passenger, but not as a gratuitous guest, in the middle car operated by Quisenberry.

The traffic light at Fifth and Leigh streets turned red and the line of cars ahead of Williams came to a stop. Shortly after Williams had brought his car to a stop the Quisenberry car ran into the rear of it and stopped, and then the Coca-Cola truck collided with the rear of the Quisenberry car.

Andrews, who was injured as the result of one or both of these collisions, instituted a suit against the owners of the three vehicles, alleging that the collision and his resulting injuries were due to the concurring negligence of the three drivers. The jury found a verdict in favor of Andrews in the sum of $5,000 against the Richmond Coca-Cola Bottling Works, Inc., alone. It found in favor of Williams and Quisenberry, the other two defendants. Upon this verdict the trial court entered judgment which we are asked to review. For convenience the parties will be referred to as they appeared in the court below.

All of the parties before us concede that the evidence justified the jury in finding for the defendant, Williams. We have to decide these questions:

(1) Was the jury justified under the evidence in finding that the driver of the Coca-Cola truck was guilty of negligence which was the proximate cause of the plaintiff's injuries?

(2) If so, should the jury also have found from the evidence that the plaintiff's injuries were proximately due to the concurring negligence of the driver of the Quisenberry car and the driver of the Coca-Cola truck?

Both the plaintiff and Quisenberry testified that the Quisenberry car was following the Williams car at a distance of from twenty-five to twenty-eight feet just before the traffic halted. The plaintiff testified "I saw Mr. Williams' car's lights go on, which indicated to me he was stopping, and Mr. Quisenberry was moving along towards him and when I saw that he was getting so close and wasn't making any effort to stop I holloaed, 'Watch out!'", and that immediately the front of the Quisenberry car struck the rear of the Williams car a slight blow.

According to the testimony of Quisenberry he saw the stop light on the Williams car at the instant the plaintiff cried out. The Williams car was then only ten feet ahead and he was unable by the application of his brakes to avoid running into it.

The plaintiff and Quisenberry further testified that after a lapse of from three to five seconds the Coca-Cola truck ran into the rear of the Quisenberry car, and that the force of this collision was much greater than the prior collision between the Williams and the Quisenberry cars.

The driver of the Coca-Cola truck said that just before the line of traffic halted he was following from eight to ten feet behind the Quisenberry car, at a speed of from ten to fifteen miles per hour; that under the conditions then obtaining he could have brought his truck to a stop in about ten feet; that despite the sudden stopping of the Quisenberry car the Coca-Cola truck stopped just short of it; and that when the Quisenberry car struck the rear of the Williams car the Quisenberry car rebounded about three feet, striking the front bumper of the Coca-Cola truck.

While this testimony of the driver of the Coca-Cola truck is corroborated by that of two disinterested eye-witnesses who were standing on the sidewalk immediately adjacent to the place where the collision occurred, it is in conflict in some

respects with the testimony of the plaintiff and that of Quisenberry, who denied that their car rebounded to any appreciable extent.

■ At the time of the collision the Motor Vehicle Code provided, in part, as follows: "The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time." (Michie's Code of 1936, section 2154(119); Acts 1932, ch. 342, p. 653.)

We think that under the facts related the jury had the right to find that the driver of the Coca-Cola truck was following the Quisenberry car too closely in violation of this section, and that his doing so was a proximate cause of the second collision.

According to the admitted testimony of the driver of the Coca-Cola truck, under the conditions then obtaining he could not have stopped his truck within ten feet, and yet he was following the preceding Quisenberry car at only a distance of from eight to ten feet.

■ This brings us to the next question as to whether under all the facts and circumstances of the case the jury should have found that Quisenberry was also guilty of negligence which likewise proximately contributed to the plaintiff's injuries. Upon a careful consideration of the evidence we think that he was.

The plaintiff's testimony is that Williams made a "normal stop" from twenty-five to twenty-seven feet ahead of the Quisenberry car. Quisenberry admitted that under the conditions then obtaining his car could have been stopped in less than this distance by the prompt and proper application of its hydraulic brakes. But it is obvious that Quisenberry was not keeping a proper lookout for traffic ahead, because, according to the plaintiff, Quisenberry did not even start to apply his brakes until he (the plaintiff) had observed that the collision was imminent and had cried, "Watch out!" Quisenberry admitted this to be true.

Moreover, Quisenberry admitted that his car came to a "sudden stop" as the result of the joint effect of the brakes and the collision with the car ahead, and that he gave no signal or warning of any kind to traffic behind him.

It is argued on behalf of Quisenberry that, even granting that he was negligent, the jury had the right to find that his negligence which caused the first collision was the remote cause, and that the negligence of the driver of the Coca-Cola truck which caused the second collision was the sole proximate cause of the plaintiff's injuries.

A determined effort is made on the part of Quisenberry to minimize the force and effect of the first collision. He testified that the front bumper of his car "just touched" the rear bumper of the Williams car a "light blow." The plaintiff described the first collision as being "a very light blow."

But Quisenberry admitted that the collision and not the application of his brakes brought his car to a stop, and that as the result of this collision the plaintiff was thrown forward to within a foot of the windshield. The physical facts show that in the first collision the right front fender of the Quisenberry car was crumpled, and the thick steel bumper guard and the nickeled steel grill in front of the radiator were bent beyond repair. It is a matter of common knowledge that such damage does not result from a "very light blow" or a mere touching of the fenders, but requires considerable force.

Then, too, the force of the first collision was sufficient to cause Williams to start to get out of his car to examine his damage. Before he could alight the second collision occurred.

A disinterested eye-witness described the collision as "being a good solid crash," "the same crash that you would hear when two cars run together at a moderate rate of speed."

It is true that the plaintiff testified that all of his injuries were caused by the second and not by the first collision. But even so, it does not necessarily follow from this that the second collision was the sole proximate cause of his

injuries if the first collision made the second collision inevitable, as we think it did.

While both the plaintiff and Quisenberry testified that there was an interval of from three to five seconds between the two collisions, this, of course, was a rough estimate or guess and does not accord with the undisputed physical facts. All of the witnesses agreed that just before the traffic halted the three vehicles were proceeding at from ten to fifteen miles per hour. Assuming the speed of the Coca-Cola truck to have been ten miles per hour, it would have covered forty-five feet in three seconds, and seventy-five feet in five seconds. If its speed had been fifteen miles per hour it would have covered sixty-seven and one-half feet in three seconds, and one hundred twelve and one-half feet in five seconds. And yet there is no testimony whatever that the Cola-Cola truck was following the Quisenberry car at anywhere near these distances.

The most favorable evidence for Quisenberry on this argument is his own statement that after the first collision he looked in the mirror and saw the Coca-Cola truck some distance behind him. He fixed the intervening space by a distance in the court room which measured twenty-seven feet and nine inches. He said the truck was approaching at an undiminished speed.

We need not stop to consider the accuracy of this measurement obtained by a fleeting glance through a rear view mirror. A disinterested eye-witness standing on the sidewalk near the point of collision testified that the Quisenberry car stopped suddenly only six or eight feet ahead of the truck. His opportunity for an accurate estimate was, of course, far better than Quisenberry had through the rear view mirror.

But let us assume that Quisenberry's estimate of the distance, made under the circumstances stated, is even approximately correct. The plaintiff testified that the Williams car stopped exactly the same distance ahead of the Quisenberry car as the latter testified that his car stopped ahead of the Coca-Cola truck. The plaintiff also volunteered

the suggestion that Quisenberry "stopped just as quick as he possibly could" under the circumstances. The jury accepted this statement and absolved Quisenberry from fault.

It is pertinent to inquire, if Quisenberry was not negligent in failing to stop his car within twenty-eight feet, how can the driver of the Coca-Cola truck be held at fault for not stopping under like conditions and within the same distance? Or, stating the matter conversely, if the driver of the Coca-Cola truck was negligent in not stopping within twenty-eight feet, why is Quisenberry not likewise liable for not stopping under like conditions and within the same distance?

But that is not all. The undisputed testimony is that the conditions were more favorable for Quisenberry's stopping than those with which the driver of the Coca-Cola truck were confronted. The Williams car came to a "normal stop" ahead of Quisenberry, while the latter came to a sudden and unexpected stop without giving any signal to the truck behind. Furthermore, Williams, the only witness who testified on the subject, said that the interval between his stop and the first collision was much longer than that between Quisenberry's stop and the second collision.

It is obvious, we think, that the testimony of the various witnesses as to the distances at which the various vehicles were following, the speed at which they were traveling, and the intervening spaces of time between the two collisions were but rough estimates.

Upon all of the facts and circumstances of the case it is our opinion that both the driver of the Quisenberry car and the operator of the Coca-Cola truck were following too closely the vehicles ahead, or were not keeping a proper lookout for them, or both, and were guilty of concurring negligence which proximately caused the plaintiff's injuries. Consequently the verdict of the jury which exonerated the defendant, Quisenberry, from liability was contrary to the law and the evidence and should have been set aside.

The trial court refused to disturb the verdict on the ground that "The defendant has no right to complain in

this action that the jury improperly returned a verdict in favor of a co-defendant. See *Lavenstein* v. *Maile,* 146 Va. 789, 132 S. E. 844."

This view of the trial court was erroneous. The precise situation was before us in *Norfolk & Portsmouth Belt Line Railroad Co.* v. *Parker,* 152 Va. 484, 147 S. E. 461. There, Parker, a passenger in Morecock's automobile, was injured in a collision with an engine of the railroad company. Parker sued both the railroad company and Morecock, claiming that the collision was due to the concurring negligence of both defendants. The jury found a verdict against the railroad company and exonerated Morecock. A judgment was entered on this verdict. On a writ of error granted to the railroad company we held that the collision was proximately due to the concurring negligence of both defendants. Accordingly the verdict in favor of Morecock was set aside and a judgment was entered against both defendants as joint tort feasors for the amount of the verdict.

In reaching this conclusion we held (152 Va. 484, at pages 504, 505, 147 S. E. 461) that since the negligence of the two defendants had concurred in producing a single indivisible injury and the jury's verdict had fixed the plaintiff's damages, the ends of justice would be better served if the railroad company were permitted to enforce its right of contribution, given by Code, section 5779, against the joint tort feasor, Morecock, in the then pending proceeding instead of requiring new and further litigation for that purpose.

The same reasoning applies to the case before us.

It should be observed, too, that if we were powerless to review the verdict and judgment in favor of Quisenberry, and were compelled to affirm it without reservation, it would be very doubtful, to say the least, whether the Richmond Coca-Cola Bottling Works, Inc., could thereafter sue Quisenberry for contribution since it would have been adjudicated in an action to which both of them were parties and in which the precise question had been involved, that Quisenberry

was free of any negligence which had proximately contributed to the plaintiff's injuries. This might result, then, in entirely depriving the Richmond Coca-Cola Bottling Works, Inc., of its right to have this court pass upon the merits of its claim against Quisenberry for contribution.

In *Yonker* v. *Williams,* 169 Va. 294, 299, 192 S. E. 753, 755, we said: "If two defendants are negligent one of them can not be exonerated by urging and showing the negligence of the other. Where the concurring negligence of the two produces a single injury and each is its proximate cause they are both liable." To the same effect see *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499.

The present decision in no wise permits the Richmond Coca-Cola Bottling Works, Inc., to escape responsibility for its negligence. It is still bound to the plaintiff for the full amount of the judgment, and it is allowed in this proceeding, in which all of the parties are before the court, to compel contribution under the statute from Quisenberry, the other joint tort feasor.

No question of contribution was presented to or discussed by us in *Lavenstein* v. *Maile, supra,* cited in the opinion of the trial court. Apparently its attention was not directed to our decision in *Norfolk & Portsmouth Belt Line Railroad Co.* v. *Parker, supra.*

It is argued that the verdict of $5,000 is excessive. The plaintiff sustained a precipitation of a back strain upon an arthritic spine. This condition caused considerable pain and discomfort and the loss of sixteen pounds within a period of several months. It necessitated the wearing of a brace and interfered considerably with the plaintiff's work as an electrician. There was not much improvement after the lapse of nearly a year between the date of the injury and the trial, and it was the opinion of the attending physician that a complete recovery was problematical.

While the verdict is large we can not say that it is excessive as a matter of law. In *Safety Motor Transit Corp.* v. *Cunningham,* 161 Va. 356, 171 S. E. 432, a verdict for

similar injuries in a considerably larger amount was upheld by us.

The verdict and judgment in favor of Quisenberry will be set aside, and a judgment against him and against Richmond Coca-Cola Bottling Works, Inc., as joint tort feasors, will be entered here. The costs will be divided between Richmond Coca-Cola Bottling Works, Inc., and Quisenberry.

*Affirmed in part.*
*Reversed in part.*