**SOUTHERN FRUIT DISTRIBUTORS, Inc.,
v. FULMER.**

No. 4533.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1939.

John Randolph Tucker, of Richmond, Va. (Sinnott & May and Tucker, Bronson, Satterfield & Mays, all of Richmond, Va., Maguire, Voorhis & Wells, and R. F. Maguire, all of Orlando, Fla., and S. L. Sinnott and Robert G. Cabell, both of Richmond, Va., on the brief), for appellant.

Robert Lewis Young and John B. Browder, both of Richmond, Va., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Eastern District of Virginia, entered on June 30, 1939, in an action in which the appellee, Mrs. Viola Fulmer, here referred to as the plaintiff, was plaintiff, and the appellant, Southern Fruit Distributors, Incorporated, of Winter Gardens, Florida, here referred to as the defendant, was the defendant. The action was first instituted, on notice of motion for judgment, in the Circuit Court of Chesterfield County, Virginia, in February, 1939, and was seasonably removed to the United States District Court because of diversity of citizenship. The defendant having answered, there was a trial by jury. At the conclusion of the evidence the defendant moved the court for a directed verdict in its favor, which motion was overruled and the jury returned a verdict in favor of the plaintiff for $20,000. A motion was made by the defendant to set aside the verdict, which motion was overruled and a judgment entered, from this action this appeal was brought.

The object of the action was to obtain damages for personal injuries alleged to have been sustained by the plaintiff in a collision between a Chevrolet automobile, driven by her husband, in which she was riding as a passenger, and a tractor-trailer truck operated by the defendant. The accident occurred on December 23, 1938, between 10:30 and 11 o'clock in the forenoon, the weather being misty and cloudy, at a point eleven or twelve miles south of Richmond, Virginia, on United States Highway No. 1. At the place of the happening the highway is a four lane road running approximately north and south, the southbound traffic using the western and the northbound traffic using the eastern lane, the two center lanes being used for passing. Both the car in which the plaintiff was riding and the truck were southbound, the automobile following the truck. There were two other passengers, a man and his wife, in the automobile with the plaintiff and her husband. The truck, which weighed twelve thousand pounds, was carrying a load of five tons and had a driver and a relief driver. The plaintiff was severely injured.

The main question to be considered on the appeal is whether there was sufficient evidence to support the verdict of the jury.

Questions are also raised by the defendant as to whether the damages awarded were excessive and as to the charge of the trial judge as to the measure of damages.

There was a sharp conflict in the evidence. The testimony on behalf of the plaintiff was to the effect that the car in which she was riding with her husband driving was running at a speed of from forty to forty-five miles per hour, following the truck, which was going at about the same rate of speed; that just before the accident the truck first slowed down slightly and then suddenly turned to the left toward a filling station across the road; all without giving any signals; and that the car, in spite of all the driver could do, ran into the rear of the truck, causing the plaintiff's injuries.

The testimony on behalf of the defendant was to the effect that the truck was properly equipped to give stop and turning signals; that the truck did slow down intending to stop on the west side of the road at a filling station and gave the proper signal for a right turn; that the collision occurred before any turn had been made and before the truck had stopped moving; and that when the truck was hit

by the car it was headed south and was wholly in the west lane of the road. The drivers of the truck admitted that they knew a car was following them.

The rule to be followed in considering the sufficiency of the evidence on a motion for a directed verdict is well settled. As we said in Hartman v. Baltimore & O. R. Co., 4 Cir., 89 F.2d 425, 426:

"It is not necessary to cite authorities to the effect that when one party moves for a directed verdict the evidence must be viewed in the light most favorable to the opposite party and that courts will take fact questions from the jury only where the necessity for such action is clear and imperative. On the other hand, it is equally as well settled in the federal courts that the motion for a directed verdict should be granted whenever the testimony and 'all the inferences which the jury could justifiably draw therefrom would be insufficient to support a finding.' * * * [Citing cases.]"

The duty of leading and following vehicles using the highways has been ably discussed by Hutcheson, Circuit Judge, in Cardell v. Tennessee Electric Power Co., 5 Cir., 79 F.2d 934, 936, where he said: "All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle, in his turn, must exercise ordinary care to avoid collision with vehicles, both those in front and those behind him. Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping or slowing up of his intention to do so, may not be laid down in any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury."

Courts are loth to invade the province of the jury. The jurors are the sole judges of the facts and no better method of deciding controverted facts has yet been devised in our system of jurisprudence. Here the trial judge, in overruling defendant's motion for a directed verdict, held that there was sufficient evidence, which, if believed by the jury, would prove negligence on the part of the driver of the truck. A study of the evidence leads us to the conclusion that the judge below was right in his ruling.

The defendant contends that even if the negligence of the truck drivers be admitted, such negligence was not the proximate cause of the accident, which was caused by the negligent manner in which the plaintiff's husband drove the car in which she was riding. Again we find that this is a question for the jury to pass upon. As was said in Grand Trunk Ry. Co. v. Ives, 144 U.S. 408, 12 S.Ct. 679, 687, 36 L.Ed. 485: "As the question of negligence on the part of the defendant was one of fact for the jury to determine under all the circumstances of the case, and under proper instructions from the court, so also the question of whether there was negligence in the deceased, which was the proximate cause of the injury, was likewise a question of fact for the jury to determine under like rules. * * * There is no more of an absolute standard of ordinary care and diligence in the one instance than in the other."

We find this to be the rule in Virginia: Twyman v. Adkins, 168 Va. 456, 191 S.E. 615.

In addition to this, even though the jury should believe that the driver of the car in which plaintiff was riding was guilty of negligence, under the law in Virginia, that negligence could not be imputed to the plaintiff, a passenger.

The case of Hubbard v. Murray, 3 S.E. 2d 397, decided by the Supreme Court of Appeals of Virginia, on September 13, 1939, is strongly relied upon by the defendant on the question of proximate cause. In that case the facts were different from those here. The vehicle that obstructed the road was a bus standing still and the court, in its opinion, recites the admitted fact that the driver of the following vehicle had an unobstructed view of the bus for a distance of four hundred feet and could have easily stopped. That case is not controlling here.

■ The question of excessive damages was abandoned on the oral argument before us and it is not necessary to discuss it here other than to say that the question is one addressed to the sound discretion of the trial judge and, in the absence of an abuse of that discretion, his ruling will not be reviewed by an appellate court. Carter Coal Co., Inc., v. Nelson, 4 Cir., 91 F.2d 651; Searfoss v. Lehigh Valley R. Co., 2 Cir., 76 F.2d 762.

■ On the question of the correctness of the charge of the trial judge on the measure of damages the record shows that the charge, as a whole, was fair and impartial. At the conclusion of the charge the judge stated that he had not given all the instructions as requested and said that if there were any objections to the charge as given he would give an opportunity to put them on the record. No objections were then made. Under these circumstances we find no harmful error in the charge.

There was sufficient evidence to support the verdict, there was no reversible error in the charge of the judge, and under the circumstances of the case the amount of the verdict is not one for us to pass upon.

Affirmed.