# Richmond

## HARRIS MOTOR LINES, INC., ETC. v. GEORGE R. GREEN.

March 4, 1946.

Record No. 3012.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and
Spratley, JJ.

The opinion states the case.

*A. Scott Anderson* and *Aubrey R. Bowles, Jr.*, for the plaintiff in error.

*John G. May, Jr.*, and *M. Wallace Moncure, Jr.*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

George R. Green, the owner of a truck which was being operated by his servant, Charles Combs, brought an action at law against Harris Motor Lines, Inc., the owner of a truck which was being operated by its servant, E. M. Mask, for damages to the truck resulting from a collision of the two trucks. Both trucks were damaged and Harris Motor Lines, Inc., filed a cross-claim for damages to its truck. Green prevailed and a verdict and judgment in his favor were obtained. The cross-claim of Harris Motor Lines, Inc., was dismissed and it prosecutes this writ of error.

The facts are without substantial conflict or dispute. The collision occurred on November 3, 1943, on U. S. Highway No. 1, at about four o'clock A. M. The scene of the collision is near the city limits of the city of Richmond and almost opposite Emmanuel Church.

The highway at this point is divided into two lanes of travel by a strip of ground containing a long row of cedar trees, a grass plot and the like. On the west side of this strip of land is the southbound roadway, and on the east side is the northbound roadway.

Green, the owner of one of the trucks, had it equipped with a stake body, and at the time it was transporting a load

of apples, which were in baskets, from Winchester, Virginia, to Norfolk, Virginia. We will hereafter refer to this truck as the Green truck.

The Green truck was brought to a stop at the scene of the accident at around eleven o'clock P. M. by reason of a mechanical failure. The right rear dual wheel was partly off on the shoulder of the highway. All the rest of the truck remained on the hard surface. The night was dark and it was raining. The load of apples on the truck was covered with a tarpaulin. The top of the stake body was more than seven feet from the ground, and it was not equipped with dimension or marker lights as is required by Virginia Code, sec. 2154 (141), (g).

The truck was not equipped with a supply of flares which are directed to be used in the event of an emergency, as provided by Virginia Code, sec. 2154 (133a). The driver, however, testified that he had some small red flags, three of which he stuck in a seam of the concrete about 75 feet to the rear of the truck, and two of which he attached to the left side of the body of the truck. After having done this the driver and a colored soldier who had been riding with him got back in the cab of the truck and there sat for some five hours without doing anything further until approximately four o'clock A. M., when the collision occurred.

The driver made no attempt to have the truck removed from the highway in compliance with Virginia Code, sec. 2154 (133), (a). Just three blocks away was Kelley's service station, which was open day and night, and which operated a wrecker to remove vehicles from the highway. Notwithstanding the proximity of this service station the driver did not go there and apply for aid during the five hours that the truck remained parked in a dangerous position on the highway. After the accident Kelley's wrecker did remove the truck from the highway.

The driver of the truck of the Harris Motor Lines, Inc., was proceeding in a southerly direction on the same highway at about four o'clock A. M. This truck was traveling about 25 or 30 miles per hour and it collided with the

Green truck. It was raining at the time. No one was injured by the collision.

The driver of the truck of the Harris Motor Lines, Inc., testified that his lights would disclose an object as big as a man for a distance of 150 feet ahead, and that he could have stopped within 150 feet. He stated that he was looking but that he did not see the Green truck until he was 20 or 25 feet from it, which was too late to avert the collision.

█ The issue which we think determinative is whether the court erred in submitting to the jury the doctrine of the last clear chance. We are of opinion that the court did err in this respect. The evidence discloses a clear case of concurring negligence and under it neither party should have recovered.

This seems to have been the view of the trial court for under instruction No. 5 the court told the jury that as a matter of law the drivers of both trucks were guilty of negligence which efficiently contributed to cause the accident.

In speaking of the negligence of the driver of the Green truck the trial court had this to say: "Other than placing the flags above mentioned, he and his companion did nothing whatever, but climbed into the cab of the truck and remained there until the time of the accident, four or five hours later. There were two small rear lights on the truck, but at the angle at which the truck was situated on the highway these lights must have shown at least partly to the side and not straight to the rear along the highway. The failure to do a single efficient thing to get the truck off of the highway as required by law, or to protect his own property, and more particularly to protect the lives and property of oncoming traffic, under all the circumstances of this case, in the view of the court, constitutes not only the lack of ordinary care, but was negligence so gross,—and in that it shows such utter disregard of the safety of the lives of many other people,—as almost amounting to wantonness. It was a trap for the unwary maintained through the con-

tinuing negligence of the plaintiff for a period of at least four hours. Yet he is being permitted to recover damages against one falling into the trap through his negligence in not being on the alert for a space of three or four seconds.

"The following statement of Mr. Justice Spratley in the case of *Twyman* v. *Adkins*, 168 Va. 456, at page 468, 191 S. E. 615 (interchanging the words 'plaintiff' and 'defendant') would be apt and controlling here but for the fact that no question of last clear chance appears to have arisen in that case:

" 'The defendant invited the disaster to the plaintiff and himself, and should bear the consequences. Under the conditions existing on the night in question, the conduct and acts of the defendant were such as to make the collision not only possible, but highly probable, if not inevitable. He evidenced a complete disregard not only of the law, but the rights of all persons traveling the highway. His actions constituted the proximate cause of the injuries complained of, the natural and probable result of his gross negligence.' "

From the view of the case entertained by the trial court we are somewhat at a loss to understand how it reasoned that the case presented any question of the last clear chance. This doctrine was never intended to supersede the defenses of contributory negligence or concurring negligence. The evidence in this case is rather conclusive that the drivers of both trucks were guilty of such negligence as efficiently contributed to the accident and which continued down to the time of the accident.

We are not permitted to measure and compare the negligence of the drivers. If we were we would be bound to agree with the trial court and find that the driver of the Green truck was guilty of gross negligence while the other driver was only guilty of a failure to exercise ordinary care. If we were to apply the doctrine of the last clear chance to one driver we also would have to apply it to the other. If the driver of the truck of the Harris Motor Lines, Inc., had a last clear chance to avoid the collision the other

driver had a chance to avoid it for five hours, yet he did absolutely nothing. The result, in effect, of applying the doctrine to both drivers, as was done, compels a finding of concurring negligence. In any event neither party is entitled to recover of the other. Where the negligence of both parties continues down to the moment of the accident and contributes to the injury, neither one of them having a chance to prevent the accident, or both of them having a chance but the chance of neither precedes the chance of the other, the chances of both subsisting in equal strength up to the time of the injury, the case is one of concurring negligence and there can be no recovery. *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377; the Law of Automobiles (Michie), p. 86.

Before Green could have the advantage of the last clear chance doctrine it was incumbent upon him to show that his driver's negligence had terminated as a cause of the collision prior thereto. He failed to show this. In fact it appears from the evidence that his negligence never ceased to be a cause. It could not be separated from the negligence of the driver of the other truck. The Green truck constituted a great hazard in the road, not only just immediately prior to the collision, but for nearly five hours prior thereto it endangered the lives and property of other travelers. This negligence never became remote; it was always immediate. The failure to put out flares, the failure to have the rear of the truck properly lighted with dimension lights, and the failure to have it removed from the highway, all in violation of the specific statutes to which reference has been made, constituted omissions which continued to exist down to the time of collision, and at no time prior to the collision could any one of those omissions be segregated and isolated from the negligence of the other driver so that it could be said they did not proximately contribute to the accident.

In a clear case like this, where two people are both guilty of continuous acts of negligence down to the time of the accident, the doctrine of the last clear chance does not apply; otherwise there would be nothing left of the law of contributory or concurring negligence.

A person has the right to assume that everyone else will obey the law and perform his duty and to act upon that belief until the contrary appears. It cannot be imputed to the driver of the truck of the Harris Motor Lines, Inc., as negligence that he did not anticipate the gross negligence of the driver of the Green truck. He had the right to assume that the road was clear ahead and that it would not be partially blocked by an unlighted, stalled truck which had not been protected by flares. The jury, however, has said by their verdict that he was negligent in failing to see the Green truck. On the other hand, the driver of the Green truck was bound to be conscious of his gross negligence and of the dangerous condition he had created, and that it would constitute a dangerous hazard which would likely cause injury or death to others. His reckless indifference to consequences was intentional for it was of his own volition and will. His gross conduct was never superseded or rendered ineffective by any negligence on the part of the other driver.

In order to apply the doctrine of the last clear chance in this case it would be necessary to wipe away the gross and continuing negligence of the driver of the Green truck, and hold that it was not a cause but only a condition of the accident.

We will not undertake to discuss or attempt to reconcile the cases in which the doctrine has been applied or withheld. This would be impossible because the cases are irreconcilable. In Virginia we have been more liberal than in other jurisdictions in applying the doctrine. We have held, against the majority of other jurisdictions, that even though the negligence of the plaintiff continues to the moment of injury this would not relieve the defendant of liability if he knew or ought to have known the peril in which the plaintiff had negligently placed himself and had a clear chance, notwithstanding such negligence, to save him from injury. *Barnes* v. *Ashworth*, 154 Va. 218, 153 S. E. 711.

According to the Law of Automobiles (Michie), page 85, Virginia follows the minority rule.

Perhaps this court, in considering close cases, and in applying the doctrine, has brought the law on the subject into a state of some confusion. There have been a number of borderline cases in which we have applied or withheld the application of the doctrine in accord with the facts in each particular case, and in doing this generally the ends of justice have been attained even though some inconsistency has resulted. It is almost impossible to hold the variant facts that arise in particular cases to a strict rule of law that would render it proper in one case to apply the doctrine, while in another it would be improper. There is no definite and distinct line of demarcation. If such a line could be drawn we still would have cases that, from the closeness of their facts, would split the line. It would of necessity, to some extent at least, have to be flexible.

But in the case at bar we do not have a borderline case. We have no difficulty in holding that the gross negligence of the driver of the Green truck at no time ever became remote. It was always immediate and continued to the time of collision. It was pronounced concurring negligence as a matter of law by the trial court in instruction No. 5. Beyond doubt it was a contributing or concurring cause of the collision and bars the right of either party to recover of the other.

The judgment is reversed, and the action of Green and the cross-claim of the Harris Motor Lines, Incorporated, are both dismissed.

*Reversed.*