**MANDRO v. VIBBERT et al.**

**No. 5784.**

United States Court of Appeals Fourth Circuit.

Nov. 5, 1948.

Robert Lewis Young, of Richmond, Va. (John G. May, Jr., of Richmond, Va., T. Stokeley Coleman, of Spotsylvania, Va., and Albert Rathblott, of New York City, on the brief), for appellant.

Aubrey R. Bowles, Jr., of Richmond. Va., (Bowles, Anderson & Boyd, of Richmond, Va., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a verdict directed in favor of the defendants in an action wherein it was alleged that the defendants negligently caused the death of Michael Mandro, plaintiff's decedent. The facts, briefly, are these. On August 2, 1946, Mandro, driving a motorcycle, was following a car operated by Mrs. Anna Vibbert, one of the defendants and the wife of the other. Both vehicles were proceeding southward on U. S. Highway 1, near Fredericksburg, Virginia. For a distance of a mile or so and immediately prior to the accident, the motorcycle was following the Vibbert car at a distance apart of approximately 16 feet, both travelling at a speed of about 25 miles per hour. The Vibbert car, then, either slowed or stopped suddenly on the highway, whereupon Mandro's motorcycle crashed into the rear of the automobile and Mandro was fatally injured. There is conflict in the testimony on several material points, principally whether or not Mrs. Vibbert in any way signalled her intention to slow or stop as is required by statute, and whether or not Mandro was maintaining such a lookout as is required of all drivers upon the highways.

At the close of the plaintiff's case, the trial judge granted defendants' motion for a directed verdict, expressly refusing to find one way or the other on the issue of defendants' primary negligence, and basing his ruling solely on a finding that, as a matter of law, plaintiff's decedent, Mandro, was contributorily negligent. The question here presented, then, is well defined: Was this a proper case for a directed verdict on the issue of the following driver's contributory negligence?

At the outset it is well to recall the settled rule that in considering a motion for a directed verdict the evidence must be considered in its aspect most fav-

orable to the party against whom the motion is made, with every fair and reasonable inference which the evidence justifies. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Myers v. American Well Works, 4 Cir., 114 F.2d 252, 253, certiorari denied 313 U.S. 563, 61 S.Ct. 842, 85 L.Ed. 1522; Harris v. United States, 4 Cir., 70 F.2d 889, 890.

The evidence offered by the plaintiff to establish his case was admittedly scant, consisting principally of the testimony of a Miss Bullock, the only eyewitness to the accident other than the actual participants. She testified positively that the Vibbert car came to "a sudden stop" on the highway, and that Mrs. Vibbert gave no hand signal of her intention to stop. It was Miss Bullock's testimony that tended to establish, also, the distance between the car and the motorcycle as having been about 16 feet. Her testimony is somewhat weakened when it is considered that she was some 350 feet from the collision point, and was almost directly behind the vehicles involved. However, it cannot be said that her testimony was thus so discredited that the jury would not have been justified in finding the facts as she related them.

There was also evidence of statements made by Mrs. Vibbert immediately after the accident; but Mrs. Vibbert was then somewhat hysterical, she was incoherent and her memory was faulty as to what she did or failed to do just before the collision. At the trial, she was called by the plaintiff as an adverse witness. Questioned again about her use of a hand signal, she stated simply that she did not remember and she was unable to state positively at just what point of time she had observed Mandro in her rear view mirror.

The evidence suggests two ways in which Mandro might have been contributorily negligent: (1) that he was following at an unsafe distance; and (2) that he was failing to maintain a proper watch.

In considering the distance at which Mandro was following the Vibbert car, in connection with the question of his contributory negligence, we are concerned primarily with two sections of the Virginia Motor Vehicle Code. Virginia Code, 1942, § 2154 (119) provides:

"The driver of a motor vehicle shall not follow another more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time."

Section 2154(122) requires that a driver who intends to start, stop or turn from a direct line shall give the proper hand signal continuously for a distance of at least fifty feet before commencing such action. These two sections, together, create reciprocal duties on the part of lead and following drivers. Stallard v. Atlantic Greyhound Lines, 169 Va. 223, 229, 192 S.E. 800, 802, quoting 42 C.J. 948; Cardell v. Tennessee Electric Power Co., 5 Cir., 79 F.2d 934.

While the section requiring a hand signal of Mrs. Vibbert's intention to stop does not, of course, excuse any failure by Mandro to exercise the care required of him, it is material in considering the standard of that care. Mandro had a right to rely on the legal presumption that Mrs. Vibbert would comply with the provisions of the statute. Luck v. Rice, 182 Va. 373, 378, 29 S.E.2d 238, 240; Cram v. Eveloff, 8 Cir., 127 F.2d 486, 488; cf. Virginia Electric & Power Co. v. Holland, 184 Va. 893, 898, 37 S.E.2d 40, 42. And § 2154(119), dealing expressly with the distance to be maintained by the following driver, establishes a flexible standard of care. What is a "reasonable and prudent" distance must, in each instance, depend upon the particular facts involved. Except when reasonable minds cannot differ, what distance was required to be maintained and whether that distance was in fact maintained are questions for the jury. Southern Fruit Distributors v. Fulmer, 4 Cir., 107 F.2d 456; Cardell v. Tennessee Electric Power Co., supra; cf. Twyman v. Adkins, 168 Va. 456, 191 S.E. 615. Upon the facts in this case, we do not think that those questions should have been withdrawn from the jury.

As we have already stated, there is some conflict in the testimony as to whether or

not Mandro was maintaining a proper watch. Defendants rely heavily upon the inference that, had he been keeping a proper lookout, he would have avoided the Vibbert car. It is conceivable that, upon different facts, the strength of this inference would, alone, warrant a directed verdict. Richmond Coca-Cola Bottling Works v. Andrews, 173 Va. 240, 3 S.E.2d 419 (where defendant was following in a long line of congested city traffic, at a speed of 10-15 miles per hour and at a distance of 25-27 feet). Here, however, the vehicles had passed a major intersection; the intersecting road next ahead was some 350 feet beyond the collision point and photographs of the scene do not disclose the presence of any gas station, or similar place, into which it might have been anticipated Mrs. Vibbert would turn; the drivers had before them an open four-lane highway. A jury might feel that Mandro, in this situation, was entitled to some relaxation of alterness and a moment or two to gather his wits. Greyhound Cab, Inc. v. Sewell, 190 A. 814, 815. Again, just what conduct was required of Mandro under these circumstances and whether or not he exercised the requisite degree of care were questions for the jury.

The trial judge ruled that Mandro had been contributorily negligent, without finding specifically whether he followed at an unsafe distance or whether he failed to keep proper watch. The reasoning of the court seemed to be that Mandro must necessarily have been negligent in one or the other of these respects since, otherwise, the accident would not have occurred. This is not at all a necessary conclusion and we are not prepared to sustain the directed verdict, placed as it is upon this "either-or" basis. It is true that there is language in a recent Virginia case, Richmond Coca-Cola Bottling Works v. Andrews, supra 173 Va. 240, at page 249, 3 S.E.2d 419, at page 423, which seems to sustain the reasoning of the judge below. However, the facts in that case demanded a finding, as a matter of law, that the following driver was not keeping a proper watch. We prefer to treat the Andrews case as resting upon a consideration of the particular facts involved rather than as establishing a rule of law which would preclude recovery by the following driver in virtually all cases of this type and would render impotent the Virginia statute creating the duty to give hand signals.

■ Both plaintiff and defendants have called our attention to numerous cases with facts similar in varying degrees to those presently before us. A review of those cases would serve no useful purpose. None of them is controlling in the present decision. The issues of negligence involved in these cases must be determined on a basis of the facts and circumstances peculiar to each case; and, except where reasonable minds cannot differ, those issues should be resolved by the jury. Southern Fruit Distributors v. Fulmer, supra; Cook Paint & Varnish Co. v. Hickling, 8 Cir., 76 F.2d 718; Drumwright v. Walker, 167 Va. 307, 314, 189 S.E. 310, 313.

The verdict and judgment for the defendant are set aside and the plaintiff is awarded a new trial.

Reversed and remanded.