## MASON v. BROWN.

### No. 6194.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1951.

Decided Jan. 31, 1951.

Ashby B. Allen, Richmond, Va. (George E. Allen, and Allen, Allen & Allen, Richmond, Va., on the brief), for appellant.

Alexander H. Sands, Jr., Richmond, Va. (Sands, Marks & Sands, Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judges, and WEBB, District Judge.

DOBIE, Circuit Judge.

This action was brought in the United States District Court for the Eastern District of Virginia by plaintiff Mason, a citizen of Virginia, against defendant Brown, a citizen of North Carolina. The jury returned a verdict of $5,000.00 for the plaintiff which, on motion of defendant, was set aside by the District Judge as unsupported by the evidence and a verdict was directed for defendant. Final judgment was accordingly entered for defendant, and plaintiff has appealed.

This case arose out of personal injuries suffered February 11, 1950, by plaintiff when she was run down by defendant's car. Defendant admits that there is substantial evidence to support the jury's finding that he was negligent. We shall assume that plaintiff was also negligent in darting out from between two parked cars to cross the street in the middle of the block. Our only concern, then, is to determine whether plaintiff, in spite of her negligence, presented substantial evidence to support the verdict of the jury on the theory of "last clear chance."

We must view the evidence as favorably as possible to conform to the jury's verdict. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Bell v. United States, 4 Cir., 1950, 185 F.2d, 302; Traders & General Insurance Co. v. Powell, 8 Cir., 177 F.2d 660. The scene of the accident was Grove Avenue, in a residential district of Richmond, Virginia, 42 feet wide, amply ranked on both sides with parked cars, and traversed by occasional traffic. Shortly after seven P.M., plaintiff, for the purpose of crossing the street, stepped from between two parked cars onto the north side of this street at a point about 75 feet west of the intersection of Grove and Allen Avenues. Hurrying to catch a bus, she walked quickly to the center of the street, where she paused to avoid a car approaching from her right. The course of defendant's car was from plaintiff's left and rear; he was driving at an excessive speed and stopped almost, but not quite, short of plaintiff. Defendant's car left skid marks 54 feet in length, stopping at the point where plaintiff had theretofore been standing and was then lying. Plaintiff was visible from at least 200 feet distant and there was evidence tending to show that plaintiff had stopped in the middle of the street before defendant entered this range.

Defendant argues that plaintiff stopped for no good reason at all. But the contrary could have been inferred from

plaintiff's testimony: "A * * * I walked to the middle of the street and stood there for this sedan to pass. That is all I know.

"Q. Where were you when you were struck? A. In the middle of the street standing still."

The fact that plaintiff's companion on this unfortunate trip contradicted her in testifying that this car had already passed is beside the point. Where, as in plaintiff's testimony, there is an evidentiary basis for the jury's verdict, the jury is free to disregard whatever evidence is inconsistent with its conclusion. Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916.

An eyewitness, Watkins, who was in his parked car about 200 feet from the scene of the accident, testified that defendant passed him and: "A. I saw Mrs. Mason when his car was with my car. Mrs. Mason was in the middle of the street at the time.

       *       *       *       *       *       *

"A. I saw Mrs. Mason there when he was practically beside me.

       *       *       *       *       *       *

"Q. When he started to pass you, you saw Mrs. Mason at that time? A. About in the middle of the street."

Plaintiff testified that she saw no car closer than the middle of the next block when she stepped from between the two parked cars.

■ Both parties agree that under the last clear chance doctrine, when a plaintiff has been and is negligent but is in a helpless condition immediately preceding the mishap and therefore unable to avoid it, plaintiff may nevertheless recover if the defendant saw or should have seen plaintiff in time to avoid the collision by the use of reasonable care. Anderson v. Payne, 189 Va. 712, 722, 54 S.E.2d 82, 87. Virginia has gone far in adopting the humanitarian approach to the doctrine of last clear chance, allowing recovery in spite of a plaintiff's continuing negligence, if the plaintiff is unable to save himself and if the defendant should discover, by the exercise of reasonable care, the plaintiff's plight in time to avoid the accident. Harris

Motor Lines v. Green, 184 Va. 984, 37 S.E.2d 4, 171 A.L.R. 359; State of Maryland, for use of Joynes v. Coard, 175 Va. 571, 9 S.E.2d 454. See §§ 479, 480, Restatement of the Law of Torts, Virginia Annotations, by Dean William T. Muse, T. C. Williams School of Law.

■ From the facts, we think the jury could properly have drawn the conclusion that plaintiff was unable by her own efforts to escape from the dangerous situation into which she had negligently put herself. Going back, across the path of defendant's car, even were she aware of its presence, was clearly out of the question. And going forward, as she testified, into the path of the eastbound car was no remedy.

■ In our opinion the jury could also have found, on any one of the following theories, that defendant had a last clear chance to avoid this accident:

(1) That defendant should have seen plaintiff from at least 200 feet, and could have stopped before striking her. The jury was not bound to accept the testimony as to the speed of the car—fifty miles per hour, and could have settled on a lesser figure. But even at a speed of fifty miles per hour, and if we take into account the 75 feet that defendant would have traveled during a reaction time of one second, the jury could have found the remaining distance, at least 125 feet, sufficient for stopping;

(2) That there was sufficient space between plaintiff and the parked cars to permit defendant to avoid both. This fact is supported not only by direct testimony, but also by subtracting from 21 feet (the street was 42 feet wide) the sum of the widths of plaintiff, defendant's car, and the cars parked. And that defendant should have seen the situation and taken this action;

(3) And we think the jury could have gone so far as to find that defendant should have chosen to drive into the parked cars rather than into plaintiff. Defendant had come to an almost complete stop, and this action could have been taken without serious danger of injury to anyone.

558

For these reasons the order of the District Court is reversed, and this case is remanded to that court with instructions to reinstate the verdict of the jury and enter final judgment for plaintiff.

Reversed and remanded.