## CIRCUIT COURT OF THE CITY OF NORFOLK

James Miller

v.

P. G. Harris
Construction Co.

December 21, 2009

Case No. (Civil) CL09-3666

By Judge Charles E. Poston

When ruling on a demurrer, the Court accepts all facts and inferences properly pleaded by the plaintiff as true, determining the sufficiency of the legal arguments made in the complaint. *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Plaintiff has pleaded the following.

On or near January 16, 2008, Plaintiff, James Miller, entered a strip mall construction site near the intersection of Eaglewood Drive and Oceana Boulevard in Virginia Beach, Virginia. This construction site was under the exclusive control of Defendant, P. G. Harris Construction Company. At this site were "footings or trenches dug into the ground" that were "covered and concealed by opaque plastic covering and dirt." Sitting at the bottom of the trenches were metal rebar, facing upward without safely caps or other means of preventing injury to those falling upon the rebar. Defendant knew of these conditions at the time the plaintiff entered the construction site and knew individuals were crossing the lot without knowledge of the conditions or risk involved. Defendant did not provide markings or warnings for safety. James Miller, while passing through the site, was injured by the rebar and remained at the site for several hours until EMS extracted him to Virginia Beach General Hospital where the rebar was surgically removed.

*Discussion*

This matter is currently before the Court on demurrer and therefore all material facts properly pleaded by Plaintiff in his complaint and all inferences that may be drawn from those facts are accepted as true. *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va. 310, 312, 568 S.E.2d 693, 694 (2002); *McDermott v. Reynolds*, 260 Va. 98, 530 S.E.2d 902, 903 (2000). To sustain a claim for punitive damages on demurrer, a plaintiff must properly allege facts and inferences sufficient to establish that the defendant's conduct was willful or wanton. A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Huffman v. Love*, 245 Va. 311, 314, 427 S.E.2d 357, 359-60 (1993); *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1, 3 (1998); see *Alfonso v. Robinson*, 257 Va. 540, 546-47, 514 S.E.2d 615, 619 (1999). Willful or wanton conduct is defined as "action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* at 545, 514 S.E.2d at 618; *Harris v. Harman*, 253 Va. 336, 340-41, 486 S.E.2d 99, 101 (1997). If "reasonable persons could disagree in their conclusions whether a defendant's alleged conduct was so willful or wanton as to show a conscious disregard for the rights of others, a trial court may not remove the issue of punitive damage from the trial of a case." See *Huffman*, 245 Va. at 315, 427 S.E.2d at 360.

Plaintiff alleges that Defendant had knowledge of the conditions at the site and had knowledge that individuals were crossing the lot. He further alleges that Defendant knew that injury to those crossing the lot could result from the conditions on the construction site. While these facts may state a claim for negligence, they do not rise to the level required to sustain a claim for punitive damages. Even construing all facts and inferences in the light most favorable to the plaintiff, there is insufficient basis to conclude that the defendant's conduct was willful or wanton.

In *Frazier v. City of Norfolk*, the Court decided a reasonable jury could not find gross negligence even where the defendant had control of the property, was responsible for conditions on that property, had violated a readily-achievable building safety code, and had knowledge that conditions could result in injury. *Frazier v. City of Norfolk*, 234 Va. 388, 362 S.E.2d 688 (1987). If the behavior of the defendant in *Frazier* could not have risen to the level of gross negligence, then the behavior of the similarly-situated defendant

in the case at bar could not have risen to the level of willful or wanton conduct. Gross negligence is a lesser *mens rea*, requiring "a degree of negligence that would shock fair-minded persons, although *demonstrating something less than willful recklessness.*" *Koffman v. Garnett*, 265 Va. 12, 15, 574 S.E.2d 258, 260 (2003) (emphasis added). According to *Frazier*, the behavior of the defendant-at-bar fails to support a finding of gross negligence, little less a finding of willful or wanton conduct.

## Conclusion

While the defendant knew or should have known that the uncapped rebar was dangerous, the plaintiff does not plead sufficient facts to show that the defendant intentionally left the rebar uncapped with knowledge that there was a strong probability of injury to trespassers. Failure to mark the site sufficiently with warnings or otherwise inform trespassers of possible risk does not constitute a conscious disregard of the rights of trespassers on the site. Therefore, a reasonable jury could not conclude that the defendant's conduct was so "wanton as to show a conscious disregard for the rights of others." See *Huffman, supra*. The demurrer will be sustained, and Plaintiff will be granted leave to amend his complaint.