# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Joseph Sawyer
and Margie Sawyer

v.

C. L. Pincus, Jr., & Co., Inc.,
African Awareness Campaign
Headquarters of Deliverance
Tabernacle Church,
and Deliverance Tabernacle Church

August 11, 2011

Case No. (Civil) CL10-1646

By Judge John W. Brown

The Court issues this letter opinion following argument on defendants' demurrers to plaintiff's Amended Complaint on July 27, 2011. The Court, having previously sustained the church defendants' demurrer by order of October 12, 2010, now addresses the Amended Complaint. While the second complaint has four counts: (I) Trespass; (II) Nuisance; (III) Negligence; and (IV) Punitive Damages, defendants have demurred to Counts III and IV, in addition to a general demurrer pertaining to the pleading of damages. For the reasons set forth in this letter opinion, the Court sustains the demurrers to Count III, overrules the demurrer to Count IV, and sustains the demurrer regarding the failure to specify damages.

## I. *Background*

This case arises from an agreement between plaintiffs and defendants, allowing the latter to construct a drainage swale. After completion of the project, the structure, a berm (not a swale as specified in the agreement) allegedly encroached approximately 6 feet by 300 feet onto the plaintiffs'

property; plaintiffs claim they did not provide permission for defendants to encroach on their property, among other allegations.

## II. *Demurrer Standard*

At the demurrer stage, the trial court is making a bare facial determination as to whether the complaint states a cause of action, examining the sufficiency of the facts alleged. *See, e.g., Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226 (2001). As a result, the demurrer admits as true all facts properly pleaded, as well as those "reasonably and fairly implied and inferred" from the face of the pleadings. *E.g., Harris v. Kreutzer*, 271 Va. 188, 195 (2006).

Due to the preliminary nature of the demurrer, the Supreme Court of Virginia has expressed a desire that trial courts refrain from incorrectly "short-circuit[ing] litigation pretrial." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993) (quoting *Renner v. Stafford*, 245 Va. 351, 352 (1993)).

## III. *Analysis*

### A. *Demurrer of the Church Defendants*

#### 1. *Count III: Negligence*

The church defendants allege that Count III: Negligence is at essence a claim for negligent infliction of emotional distress because this count seeks damages for "mental anguish and emotional trauma due to Defendants' negligent taking of their property." Defendants argue that, under *Hughes v. Moore*, 214 Va. 27 (1973), plaintiffs have not adequately stated an emotional distress claim in failing to allege a "willful, wanton, and vindictive wrong" resulting in physical injury naturally resulting from fright or shock.

Indeed, *Hughes v. Moore* sets forth the standard for negligent infliction of emotional distress; a plaintiff may recover for "emotional disturbance and physical injury" resulting from a defendant's negligence if such injuries were the "natural result of fright or shock proximately caused by the defendant's negligence." *Id.* at 34.

Plaintiffs have failed to make any such allegations of physical injury resulting from emotional disturbance in this case. The Amended Complaint recites the elements of an ordinary negligence claim but pleads no facts supportive of recovery for emotional disturbance; "mental anguish and emotional trauma," pleaded alone, are insufficient. *Cf. id.* at 28–29 (finding sufficient physical injury in the form of nervousness, insomnia, pains in the chest and arms, an inability to breastfeed, and an abnormal menstrual period).

Consequently, under *Hughes*, the demurrer is sustained to Count III inasmuch as it effectively seeks recovery for negligent infliction of emotional distress; the complaint lacks the requisite allegations of resulting physical injury. However, the core negligence allegations of Count III survive demurrer, as plaintiffs adequately establish a claim for negligence.

### 2. *Failure To Specify Damages*

Additionally, the defendant Churches demur on grounds that the Amended Complaint fails to specify the damages sought for any count, save $150,000 in punitive damages.

Damages are an essential element of any claim; while the plaintiff generally states several requests for relief, the ad damnum lacks a value, save for the $150,000 mentioned above. For this reason, the demurrer is sustained, but leave to amend is granted.

## B. *Demurrer of Defendant C. L. Pincus, Jr., & Co., Inc.*

### 1. *Count IV: Punitive Damages*

In order to sustain an award of punitive damages, the actions alleged must exceed gross negligence, amounting to willful and wanton behavior. *Booth v. Robertson*, 236 Va. 269, 273 (1988); *see Hamilton Develop. Co. v. Broad Rock Club, Inc.*, 248 Va. 40, 45 (1994). Whereas compensatory damages are awarded as reparation for inflicted injury, "exemplary damages are something in addition to full compensation . . . for the protection of the public, as a punishment to defendant, and as a warning and example to deter him and others from committing like offenses." *Baker v. Marcus*, 201 Va. 905, 909 (1960) (quoting *Zedd v. Jenkins*, 194 Va. 704 (1953)). Thus, in the absence of misconduct, malice, or recklessness that consciously disregards the rights of others, only compensatory damages are permissible. *Booth*, 236 Va. at 273 (citing *Wood v. American Nat'l Bank*, 100 Va. 306 (1902)); *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685 (1967).

Whether an action rises to a level deemed willful or wanton is largely a fact-specific inquiry, and each defendant's actions or omissions must be individually evaluated. *Alfonso v. Robinson*, 257 Va. 540, 545 (1999). As a foundation for such a determination, the Supreme Court of Virginia stated: "Negligence conveys the idea of heedlessness, inattention, inadvertence; willfulness and wantonness convey the idea of purpose of design, actual or constructive." *Thomas v. Snow*, 162 Va. 654, 660 (1934). More specifically, "[o]rdinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injure." *Id.; see also Wolfe v. Baube*, 241 Va. 462, 465 (1991). Therefore, prior knowledge can be an important factor

and can show evidence of willfulness and wantonness by evaluating a defendant's intent. *Alfonso*, 257 Va. at 547. The Supreme Court of Virginia determined that "[a]n actor guilty of willful and wanton conduct [and subject to punitive damages] intends his act, but not the resulting harm." *Infant C. v. Boy Scouts of Am., Inc.*, 239 Va. 572, 582 (1990); *see also Green v. Ingram*, 269 Va. 281, 292 (2005). Therefore, a defendant's actions must rise above "mere inadvertence, mistake, or accidental occurrence" in order to surpass the threshold of ordinary and gross negligence, reaching the wanton and willful level that warrants punitive action. *Norfolk & Western RR. v. Lipscomb*, 90 Va. 137, 146 (1893).

Addressing the pleading necessary for a count alleging punitive damages to survive demurrer, the Supreme Court of Virginia, in *Kaltman v. All American Pest Control, Inc.*, 281 Va. 483 (2011), highlighted the willful and wanton conduct required for punitive damages to lie. The *Kaltman* trial court sustained demurrers to the plaintiffs' willful and wanton counts, which sought punitive damages. *Id.* at 493–95. On appeal, the Supreme Court upheld the lower court ruling, finding that the facts alleged did not support a claim that the defendants acted with "reckless indifference to the consequences of their actions and with knowledge of circumstances indicating that they would probably cause injury to others." *Id.* at 494–95.

In the instant case, the Amended Complaint alleges that the defendants had knowledge of the plaintiffs' property line and, "with willful and wanton disregard for Plaintiffs' property rights, knowingly and willingly, built the structure so that it encroaches 6 feet into Plaintiffs' property along the entire 300 foot length." This allegation exceeds the failure to clean pesticide equipment at issue in *Kaltman*, which, even if supported, tends to reckless indifference at most. The plaintiffs in this matter have alleged intentional, willful, and wanton conduct.

The Amended Complaint provides allegations that plaintiffs gave defendants permission to "build a swale on the property for water drainage," but did not provide "permission to build a berm or to encroach or use their property in any manner." While the complaint is somewhat confusing given the agreement and permission issues, the Court must view the pleadings in the light most favorable to the plaintiffs.

Given the facts alleged and the applicable standard recently manifested by the Supreme Court of Virginia in *Kaltman*, the Court overrules the defendant's demurrer to Count IV.

### 2. *Count III: Negligence*

Pincus also demurs to Count III: Negligence, arguing that this count is repetitive of plaintiffs' previously dismissed intentional infliction of emotional distress count and furthermore does not allege the elements of a claim for negligent infliction of emotional distress.

The Pincus demurrer raises many of the arguments contained in the Churches' demurrer but additionally argues that damages may be awarded for emotional distress resulting from a nuisance where such nuisance endangers "life or health," as stated in *Bowers v. Westvaco Corp.*, 244 Va. 139, 148 (1992). The defendant also notes that such damages may be recovered in cases of intentional trespass only where there has been "humiliation, embarrassment, and similar harm to feelings although unaccompanied by actual physical injuries." *Sea-Land Serv., Inc. v. O'Neal*, 224 Va. 343, 354 (1982). While *Bowers* and *O'Neal* in fact make broader statements potentially applicable to this case, the argument regarding these cases is moot, because, as Pincus correctly asserts, plaintiffs only seek recovery for emotional harm caused by negligent conduct.

This demurrer to Count III is sustained to the extent and for the reasons stated *supra*, Part III.A.1.

## IV. *Conclusion*

The Court thus sustains the demurrers to Count III, overrules the demurrer to Count IV, and sustains the demurrer of the church defendants concerning the failure to specify damages. Leave to amend is denied as to Count III but is granted for the pleading of damages.