## CIRCUIT COURT OF GREENSVILLE COUNTY

Ernest R. Brown

v.

Seay Logging & Hauling, L.L.C.,
and Kevin J. Walker

Case No. CL14-112

BY JUDGE NATHAN C. LEE

February 9, 2014

*Issue*

Should this Court grant or deny Plaintiff's Motion To Amend the Complaint?

*Facts*

On February 19, 2013, a pickup truck driven by Plaintiff, Ernest R. Brown, was struck by a logging truck being driven by Defendant, Kevin J. Walker. At the time of the accident, the logging truck was owned by Defendant, Seay Logging & Hauling, L.L.C. In his Complaint, Plaintiff alleges one count of negligence against Mr. Walker and one count of *respondeat superior* liability of Seay Logging.

Plaintiff seeks to amend the Complaint to add claims for punitive damages and negligent entrustment. Defendants object, arguing that Plaintiff may not have had a good faith basis to make the new allegations, that the newly alleged conduct does not rise to the level required for punitive damages, and that there is insufficient time to prepare for trial if the motion to amend is granted. Oral arguments on the motion were heard on January 26, 2015, in Prince George.

*Discussion*

Plaintiff's Motion To Amend the Complaint is granted. Pursuant to Virginia Supreme Court Rule 1:8:

> No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice.

Va. Sup. Ct. R. 1:8 (2011).

Under the plain language of Rule 1:8, leave to amend a pleading is in the sound discretion of the judge and should be exercised liberally in the interests of justice. *Lake v. Northern Va. Women's Med. Ctr., Inc.*, 253 Va. 255, 483 S.E.2d 220 (1997). An amendment will not be permitted where it will unfairly prejudice the other party or where discovery and trial preparation is virtually complete. *Hetland v. Worcester Mut. Ins. Co.*, 231 Va. 44, 340 S.E.2d 574 (1986).

The Court will take each of Defendants' arguments in turn. First, the Court has seen no factual basis for believing Plaintiff is acting in bad faith, and thus will not deny Plaintiff's Motion To Amend on those grounds. On the contrary, Plaintiff has represented to the Court that he has a good faith basis for the new allegations. Additionally, at the January 26 hearing, he stated that he has had difficulties communicating with the Defendants, and the Defendants did not show up for depositions. Plaintiff was finally able to speak with Defendants in December and filed the Amended Complaint within three weeks of their conversation. As such, denying the Motion To Amend on grounds of bad faith is inappropriate here.

Second, the Court agrees that Defendants' argument that the newly alleged conduct does not rise to the level required for punitive damages is premature. Defendants' challenge to the sufficiency of the newly alleged conduct is essentially a demurrer to the Amended Complaint, which this Court has not yet granted. As such, Defendants' second argument is without merit at this point in time, and the Court will not deny the Motion To Amend the Complaint on those grounds.

Finally, although the Amended Complaint asserts new causes of action, this Court finds there is sufficient time for Defendants to investigate and conduct additional discovery. On October 17, 2014, this Court entered a Uniform Pre-Trial Scheduling Order endorsed by both parties in that Order; the parties agreed to complete discovery by March 31, 2015, more than sixty days from the date of the January hearing. The parties also agreed to a final expert designation deadline of March 14, 2015, a date more than forty-five days from the date of the January hearing. The trial itself is scheduled for April 30, 2015, to May 1, 2015, more than ninety days from the date of the January hearing. These deadlines provide Defendants with sufficient time to prepare for trial on the additional claims in the Amended Complaint, which arose out of the same facts as the allegations in the original Complaint.

The parties further agreed that all dispositive motions would be "presented to the court for hearing as far in advance of the trial date as practical." In light of the Plaintiff's difficulties in communicating with the Defendants and the Defendants' failure to show up for depositions,

this Court finds Plaintiff has properly complied with the terms of the Pre-Trial Scheduling Order in presenting the Amended Complaint to the Court within three weeks of communicating with Defendant. Thus, this Court finds that discovery and trial preparation are not virtually complete and that an amendment to the pleadings will not cause unfair prejudice to the Defendants. As such, the Court will grant Plaintiff's Motion To Amend the Complaint.

## Conclusion

Accordingly, for the reasons stated herein, Plaintiff's Motion To Amend the Complaint is granted.

## April 2, 2015

The issue before this Court is whether the Court should sustain or overrule Defendant's Demurrer.

## Facts

This case arises out of a car accident that occurred on February 19, 2013, when a pickup truck driven by Plaintiff, Ernest R. Brown, was struck by a logging truck being driven by Defendant, Kevin J. Walker. At the time of the accident, the logging truck was owned by Defendant, Seay Logging & Hauling, L.L.C.

In his Complaint, Plaintiff alleged one count of negligence against Mr. Walker and one count of *respondeat superior* liability of Seay Logging. This Court previously granted Plaintiff's Motion To Amend the Complaint to add claims for punitive damages and negligent entrustment. After Plaintiff filed its Amended Complaint, Defendant filed its Responsive Pleadings, Demurrer, Motion To Dismiss/Motion in Abatement, and Answer.

On March 16, 2015, this Court heard oral arguments on Defendant's motions. This Court addressed only the Demurrer and Motion To Dismiss/Motion in Abatement at that time, granting the Motion To Dismiss/Motion in Abatement in Case No. CL15-27 and taking the Demurrer under advisement.

## Discussion

The purpose of a demurrer is to "determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (*citing Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). A demurrer should be sustained when a "pleading fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2013). A demurrer admits the truth of

all well-pleaded material facts. Further, "all reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

Plaintiff has filed suit for punitive damages against Defendants. Punitive damages are generally disfavored in Virginia, but will be awarded in cases involving the most egregious conduct. *Bowers v. Westvaco Corp.*, 244 Va. 139, 150 (1992). The Virginia Supreme Court has permitted punitive damages in personal injury cases where there is misconduct or malice or on a showing of willful or wanton conduct. *Booth v. Robertson*, 236 Va. 269, 271, 273, 374 S.E.2d 1, 2 (1988). Willful and wanton conduct typically involves conduct which goes beyond that which shocks fair-minded people, and has been defined by the Court as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Harris v. Harman*, 253 Va. 336, 340-41, 486 S.E.2d 99, 101-02 (1997) (*citing Griffin v. Shively*, 227 Va. 317, 321, 315 S.E.2d 210, 213 (1984)).

Additionally, the Virginia Supreme Court has stated that each case for punitive damages should be decided on its own facts and that the Court must consider a defendant's entire conduct when determining whether the question of punitive damages will be presented to the jury. *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999) (*citing Clohessy v. Weller*, 250 Va. 249, 253, 467 S.E.2d 94, 97 (1995)). If reasonable persons could disagree in their conclusions as to whether alleged conduct was so willful or wanton as to show a conscious disregard for the rights of others, punitive damages may not be removed from the trial of the case. *Woods v. Mendez*, 265 Va. 68, 77, 574 S.E.2d 263, 268 (2003).

In the instant case, Defendants argue that Plaintiff's allegations in the Amended Complaint do not rise to the level required to warrant an award of punitive damages. This Court disagrees. The Virginia Supreme Court found that a defendant's conduct rose to the level of willful and wanton conduct appropriate for the jury's determination where the defendant was a professional driver with specialized safety training directly related to the omissions made before the accident and who knew his actions before and after the accident would likely cause injury to others. *Alfonso v. Robinson*, 257 Va. 540, 546, 514 S.E.2d 615, 619 (1999).

Similar to *Alfonso*, here Plaintiff has specifically alleged that Defendant's conduct was willful, wanton, and in conscious disregard for the rights of others, and has stated facts that are similar to those presented in *Alfonso*. Considering the entirety of Defendant's conduct, this Court finds that reasonable persons could disagree as to whether the conduct was so

willful or wanton as to show a conscious disregard for the rights of others. Thus, while Plaintiff may not have adequate proof of such damages at trial, the Court finds that Plaintiff has alleged sufficient facts in its Amended Complaint that the question of punitive damages is appropriate for consideration by the jury.

## Conclusion

Accordingly, for the reasons stated herein, Defendant's Demurrer to the Amended Complaint is overruled.