# CIRCUIT COURT OF THE CITY OF NORFOLK

Jessica C. Legaspi

v.

TME Enterprises, Inc.

### Case No. (Civil) CL13-5085

BY JUDGE DAVID W. LANNETTI

### April 27, 2015

Today the Court rules on the Demurrer filed by TME Enterprises, Inc. ("TME") to the Second Amended Complaint filed by Plaintiff Jessica C. Legaspi. The three issues before the Court on demurrer are: (1) whether Legaspi sufficiently pleaded a cause of action for negligent repair against TME; (2) whether Legaspi sufficiently pleaded a cause of action for negligence under any theory other than negligent repair; and (3) whether Legaspi sufficiently pleaded facts necessary to support a claim for punitive damages. The Court previously found that Legaspi sufficiently pleaded a negligent repair claim against TME, and the Court, therefore, overrules the Demurrer on that ground. The Court finds that Legaspi failed to allege sufficient facts to support a claim for negligence under a theory other than negligent repair and that Legaspi in fact abandoned any such claim to the extent it existed in prior versions of her Complaint, and the Court sustains the Demurrer on that ground. The Court also finds that Legaspi has alleged sufficient facts to support a punitive damages claim, and the Court, therefore, overrules the Demurrer on that ground.

## Background

On June 30, 2011, Legaspi was a passenger on a motorcycle operated by George Nipper, III, when Nipper's motorcycle went down and collided with the road surface, resulting in Nipper's death and Legaspi's alleged injuries. (Second Am. Compl. ¶¶ 7-8.) On June 28, 2013, Legaspi filed her Complaint, alleging, *inter alia*, that she was a third-party beneficiary of a contract (the "Contract") between TME and Virginia Department of Transportation ("VDOT"). (Compl. ¶ 2.) Legaspi also asserted a negligence claim, alleging that TME owed her a duty to inspect and repair the roadway surface. (*Id.* ¶¶ 2, 6.)

The Court heard TME's Demurrer to Legaspi's Complaint on April 15, 2014, and on June 6, 2014, the Court entered an Order sustaining the Demurrer on the breach of contract issue and dismissing that claim with prejudice. (June 6, 2014, Order.) The Court also sustained TME's Demurrer with respect to the negligence claim and allowed Legaspi leave to amend. (*Id.*)

Legaspi filed her First Amended Complaint on May 5, 2014. The parties were before the Court on July 11, 2014, to hear TME's Demurrer to the First Amended Complaint. The Court sustained TME's Demurrer "to the extent that Plaintiff's [First Amended] Complaint could be read to allege duties other than negligent repair" and granted Legaspi leave to amend. (Aug. 5, 2014, Order.)

Legaspi subsequently filed her Second Amended Complaint, and TME again demurred. After related briefing and oral argument on March 23, 2015, this Opinion addresses TME's Demurrer to the Second Amended Complaint.

## Positions of the Parties

The Court received TME's Demurrer, TME's Brief in Support of Demurrer, and Legaspi's Brief in Support of Motion To Overrule TME's Demurrer.

### A. *TME's Demurrer to Legaspi's Second Amended Complaint*

TME demurs to the Second Amended Complaint on four grounds. First, TME asserts that Legaspi fails to allege that TME had a common law or statutory duty to "monitor, inspect, and make its repairs to the roadway in a timely workmanlike manner and to implement reasonable means, methods, and materials to effect the repairs." (Dem. to Second Am. Compl. 1.) Next, TME contends that the duties alleged in the Second Amended Complaint are "duties that arose solely by virtue of TME's contract with [VDOT]." (*Id.*) Third, TME emphasizes that the Court already ruled that Legaspi is not a third-party beneficiary of the Contract and that Legaspi, therefore, cannot maintain a breach of contract cause of action. (*Id.*) Finally, TME

asserts that the Second Amended Complaint does not allege sufficient facts to support a punitive damages claim. (*Id*. at 2.)

### B. *TME's Brief in Support of its Demurrer to Legaspi's Second Amended Complaint*

TME focuses on Legaspi's negligence claim and request for punitive damages in its Brief in Support. TME argues that the duties identified in the Second Amended Complaint are duties that arose out of the Contract, not from statute or common law. (Br. in Supp. of Dem. 4.) TME emphasizes that the Court already ruled that Legaspi is not a third-party beneficiary of the Contract and argues that Legaspi, therefore, cannot maintain an action for TME's breach of contract. TME disputes Legaspi's allegation that particular methods and types of repair should have been used. (*Id*.) TME asserts that it should be liable only if it created the dangerous or defective condition. (*Id*. at 4-5.) TME asserts that Legaspi does not allege that TME created the dangerous or defective condition. (*Id*. at 5.) TME argues that the request for punitive damages is not well pleaded because there are no alleged facts stating that TME acted with "actual malice" or "acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights." (*Id*.)

### C. *Legaspi's Brief in Support of Her Motion To Overrule TME's Demurrer*

Legaspi filed a "Brief in Support of Motion To Overrule Defendant's Demurrer," although she did not file an accompanying motion. The Court nevertheless considers the pleading as a brief in opposition to TME's Demurrer. Legaspi argues that "[t]his action is not an action on the VDOT/ TME contract." (Br. in Opp. to Dem. 2.) Legaspi states that, instead, "[t] his action is brought as a tort action by a third-party plaintiff against a negligent independent contractor." (*Id*.) Legaspi characterizes the issues as (i) whether TME was negligent in the performance or non-performance of the repairs and (ii) whether TME's negligence was the proximate cause of the motorcycle collision and Legaspi's injuries. (*Id*. at 2-3.)

Legaspi briefly discusses punitive damages in her brief, stating that her claim for punitive damages is "adequately" pleaded because "[s]erious injury or death, both of which occurred in this case, were foreseeable consequences of ... TME's wanton neglect." (*Id*. at 10.) Further, Legaspi points out that "[p]unitive damages have been held allowable in cases of far less disregard of rights, i.e., trespass and conversion." (*Id*.)

Legaspi submitted fourteen exhibits with her brief, none of which were referenced or incorporated into her Second Amended Complaint, and suggests that they are "useful and explanatory for the purposes of understanding the issues presented in the context of the facts alleged in Plaintiff's Complaint." (*Id*. at 2.) The Court does not consider these exhibits

in its analysis because they are neither useful nor explanatory in the context of ruling on a demurrer.

*Analysis*

A. *Legal Standard*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). The only question for the court to decide is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). On demurrer, the court must admit the truth of all material facts properly pleaded, facts that are impliedly alleged, and facts that may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997). Even if imperfect, a complaint drafted such that a defendant cannot mistake the true nature of the claim should withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The court will not consider any factual assertions outside the pleadings for purposes of a demurrer. *See* Va. Code Ann. § 8.01-273 (1950).

Certain rules in the Rules of Supreme Court of Virginia apply to all proceedings. *See* Va. Code § 8.01-3. Accordingly, "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). Although "[a]n allegation of negligence ... is sufficient without specifying the particulars of the negligence," *id.* R. 3:18, a plaintiff still must allege facts sufficient to support each element of the claim. *Graves v. Mortgage Elec. Registration Sys.*, 2011 Va. Cir. lexis 97, at *14 (Fairfax Cnty. June 29, 2011).

In Virginia, a party must prove "an independent, willful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach." *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983). "A claim for punitive damages at common law in a personal injury action must be supported by factual allegations sufficient to establish that the defendant's conduct was willful or wanton." *Woods v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263, 268 (2003). When examining the sufficiency of a claim for punitive damages, a court looks at the particular facts of each case to evaluate whether the plaintiff sufficiently pleaded that the defendant's actions were willful and wanton. *Alfonso v. Robinson*, 257 Va. 540, 545, 514 S.E.2d 615, 618 (1999). Unlike pleading ordinary negligence, pleading

willful and wanton negligence to support a claim for punitive damages "requires an actual or constructive consciousness that injury will result from the act done or omitted." (*Id.*)

B. *Discussion*

The Court has considered TME's Demurrer to the Second Amended Complaint, related briefs, oral argument at the March 23, 2015, hearing, and applicable authorities.

As an initial matter, the Court previously held that Legaspi was not a third-party beneficiary of the Contract and sustained the Demurrer with respect to the breach of contract claim with prejudice. (*See* June 6, 2014, Order). There are no surviving causes of action relating to the Contract.

1. *Legaspi Sufficiently Pleaded a Cause of Action for Negligent Repair against TME*

One of the issues raised by the parties is whether Legaspi has sufficiently alleged a negligent repair claim against TME. The Court's August 5, 2014, Order sustained TME's Demurrer as to alleged duties "*other than* negligent repair." (Aug. 5, 2014, Order (emphasis added).) The Court speaks through its Orders, *see, e.g., McMillion v. Dryvit Sys.*, 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001), and the August 5, 2014, Order indicates that the negligent repair claim was properly pleaded, (Aug. 5, 2014, Order.) The Court therefore does not need to readdress the issue here.

The Court, however, reasonably infers, as is permitted on demurrer, from the language Legaspi uses in her Second Amended Complaint that TME had a common law duty to exercise reasonable care in the repair work it undertook to perform. In Virginia, an independent contractor of a municipal corporation has a common law duty — independent of any contractual duty — to exercise reasonable care during the performance of the work it has undertaken in constructing or repairing roads. *See Papile v. Batman Co.*, 38 Va. Cir. 127, 132 (Fairfax Cnty. 1995) (citing *Boyd, Higgins & Goforth, Inc. v. Mahone*, 142 Va. 690, 699, 128 S.E. 259, 263 (1925)). To the extent the parties are unclear regarding what is conveyed in the August 5, 2014, Order, the Court reiterates that the negligent repair claim was properly pleaded in Legaspi's First Amended Complaint, and nothing in her Second Amended Complaint affects that conclusion.

2. *Legaspi Did Not Sufficiently Plead a Cause of Action for Negligence, Other Than for Negligent Repair, Against TME*

Pursuant to Rule 3:18 of the Rules of Virginia Supreme Court, "[a]n allegation of negligence ... is sufficient without specifying the particulars of the negligence." Va. Sup. Ct. R. 3:18. Although a plaintiff is not required to specify the "particulars of the negligence ... a plaintiff *must still allege*

*facts sufficient to support each element.*" *Graves*, 2011 Va. Cir. lexis 97, at *14 (emphasis added). A negligence claim requires the following elements: a "legal duty on the part of the defendant, breach of that duty, and a showing that such breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006).

Although Legaspi is not required to specify the particulars of the alleged negligence, she must allege sufficient facts to support each of the elements of a negligence claim. *Graves*, 2011 Va. Cir. lexis 97, at *14. TME's position is that Legaspi failed to allege a duty, either by common law or statute, to support a claim for negligence generally. (Br. in Supp. of Dem. 5.) In her Second Amended Complaint, Legaspi alleges that TME "had a duty to the Plaintiff to perform its undertakings … free of negligence, gross negligence, and wanton conduct and use normal prudence and reasonable care to monitor, inspect, and make its repairs to the roadway in a timely workmanlike manner and to implement reasonable means, methods, and materials to effect the repairs." (Second Am. Compl. ¶ 3.) This appears to be the only allegation of negligence in the Second Amended Complaint not exclusively related to Legaspi's negligent repair claim. This conclusory allegation alone is insufficient to support each of the elements required to plead a claim for negligence, except to the extent, when this allegation is read with other allegations in the Second Amended Complaint, that Legaspi sufficiently pleaded negligence based on negligent repair, as discussed *supra*.

The Court, therefore, finds that Legaspi has not sufficiently pleaded a negligence claim other than her negligent repair claim and sustains the Demurrer on that ground. Because Legaspi already has been granted leave to amend her complaint to address this deficiency and because Legaspi chose not to address the deficiency in her Second Amended Complaint but rather effectively abandoned her claim, the Court elects not to grant Legaspi leave to amend on this issue. A comparison of the Second Amended Complaint with the First Amended Complaint reveals that, in her Second Amended Complaint, Legaspi deleted language related to a separate alleged negligence claim — independent of the negligent repair claim — that had been in her First Amended Complaint.

### 3. *Legaspi Sufficiently Pleaded Facts Necessary To Support a Claim for Punitive Damages*

On demurrer, the Court must view the facts in the light most favorable to Legaspi and, in so doing, the Court finds that the facts are sufficient to support a claim for punitive damages. Legaspi asserts that TME acted "negligently" and "with wanton disregard of the rights of the motoring public." (Second Am. Compl. ¶ 4.) Legaspi supports her assertion of "wanton" conduct with specific alleged facts. (*See id.* ¶¶ 4-5.) She argues

that TME's actions were "wanton" because, *inter alia*, TME "negligently ma[de] ineffective and consciously unsafe repairs" (*Id.* ¶ 4) and TME "was aware from its knowledge of existing circumstances and conditions, that its negligent repairs would probably result in injury to others." (*Id.* ¶ 5.) Legaspi, therefore, sufficiently alleges willful and wanton negligence by articulating TME's knowledge of its conduct, which satisfies — at least for purposes of surviving demurrer — the requirement of showing "actual or constructive consciousness that injury will result from the act done or omitted." *Alfonso*, 257 Va. at 545, 514 S.E.2d at 618. Further, as the Virginia Supreme Court has required, Legaspi properly relies on a tort action for negligent repair, and not a breach of contract action, as the basis for her punitive damages claim. *See Kamlar Corp.*, 224 Va. at 707, 299 S.E.2d at 518.

The Court finds, based on the facts alleged in the Second Amended Complaint, that Legaspi has pleaded sufficient facts to support her claim for punitive damages. Whether the facts proved ultimately support an award for punitive damages is an issue for the trial court to decide. The Court, therefore, overrules the Demurrer with respect to the punitive damages ground.

### Conclusion

The Court overrules TME's Demurrer to Legaspi's Second Amended Complaint as to the negligent repair and punitive damages grounds. The Court sustains TME's Demurrer to Legaspi's Second Amended Complaint as to any negligence claims other than negligent repair.

### July 28, 2015

This action was before the Court on July 27, 2015, for a hearing on five Motions To Quash filed by Defendant TME Enterprises, Inc., proper notice having been given to all parties. The Motions To Quash sought to quash the subpoenas *duces tecum* filed by Plaintiff Jessica Legaspi on non-parties as untimely in light of the Court-entered Scheduling Order and Supplemental Scheduling Order. The issues before the Court are: (1) whether TME has standing to file the Motions To Quash; and (2) whether subpoenas *duces tecum* are considered "discovery" as contemplated by the Scheduling Order and Supplemental Scheduling Order such that the Scheduling Order discovery cutoff date controls the date by which the subpoenas *duces tecum* must be served. The Court heard arguments from counsel and took the motion under advisement in order to consider the standing issue and merits of the motions.

The parties entered into a Scheduling Order on October 29, 2014, which set the trial date for June 30, 2015, and states that "*all discovery* must be served sufficiently in advance of trial to allow a timely response ... *at least*

*30 days before trial.*" (Scheduling Order ¶ 2 (first emphasis added).) The Court granted a continuance of the June 30, 2015, trial date at the request of Legaspi's counsel. TME objected to the continuance and indicated it was ready to proceed with trial. The Court specifically continued *only* the trial date, and the Supplemental Scheduling Order entered on May 5, 2015, states, "The cut-off dates for the completion of discovery and the designation of expert witnesses are *not* extended beyond those contained in the original scheduling order except by agreement of counsel." (Supplemental Scheduling Order ¶ 2.)

Now the Court, after considering the arguments at the July 27, 2015, hearing, reviewing the related briefs, noting the procedural history of the case, and consulting applicable authorities, grants TME's Motions To Quash.

The Court finds that TME has standing pursuant to Rule 4:9A of the Rules of Supreme Court of Virginia to file the Motions To Quash. The Rule expressly contemplates the filing of motions to quash by "the person so required to produce, or by *the party against whom such production is sought.*" Va. Sup. Ct. R. 4:9A(c)(3) (emphasis added). The Supreme Court of Virginia has interpreted the phrase "against whom such production is sought" as referring to the opposing party in the matter. *Tonti v. Akbari,* 262 Va. 681, 686, 553 S.E.2d 769, 771 (2001). For these reasons, the Court finds that TME, as the opposing party in this matter, has standing as a "party against whom such production is sought" to file the Motions To Quash.

The Court also finds that a subpoena *duces tecum* is a form of discovery contemplated by the Scheduling Order and the Supplemental Scheduling Order. Discovery includes, *inter alia,* "requests for production of documents, electronically stored information, and things." Va. Sup. Ct. R. 4:1. Rule 4:9A of the Rules of Supreme Court of Virginia governs production from non-parties, including the use of subpoenas *duces tecum. Id.* R. 4:9A; *see also Yelp, Inc. v. Hadeed Carpet Cleaning, Inc.,* 62 Va. App. 678, 708 (2014) (describing a subpoena *duces tecum* as "a rule-based *discovery* tool" (emphasis added)), *rev'd on other grounds,* 289 Va. 426, 770 S.E.2d 440 (2015). The Court, therefore, concludes that the subpoenas *duces tecum* at issue are a form of discovery, and, as a result, the language in the Scheduling Order and Supplemental Scheduling Order controls the discovery deadline. The subpoenas *duces tecum* that TME seeks to quash were served on various dates at the end of June 2015, *after* the deadline established in the Scheduling Order and affirmed in the Supplemental Scheduling Order, *i.e.,* "sufficiently in advance of trial to allow a timely response ... *at least 30 days before trial,*" and without agreement of counsel.

For the reasons stated herein, the Court grants the Motions To Quash, as the subpoenas *duces tecum* were not served prior to the deadline established by the Scheduling Order and affirmed by the Supplemental Scheduling Order or by agreement of counsel.

Any objections to this Order shall be submitted to the Court within fourteen days. Endorsements are waived pursuant to Rule 1:13. The Clerk shall mail (or email) copies of this Order to all counsel of record. It is so ordered.