# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Nelson Lewis

v.

Just Right Real Estate
Dev., Inc., *et al.*

July 27, 2015

Case No. CL14-283

BY JUDGE RICHARD E. MOORE

I have re-read and reviewed the entire file, including my notes, and all the pleadings, memoranda, and briefs. I am going to deny the Motion To Dismiss for Lack of Subject Matter Jurisdiction. I will grant Plaintiff leave to amend as to damages.

The starting point, in my consideration and analysis, is Judge Hogshire's ruling on November 13, 2014, that Defendants were in default and had been given ample opportunity to file proper and timely responses, and to seek the assistance of counsel if they were so inclined. Apparently they were not, as they neither filed proper pleadings nor hired counsel. They apparently had been admonished by the Court at a previous hearing on October 20 to seek counsel and file any pleadings by November 3. At some point after the November 13 hearing (for which the order granting default judgment as to liability was entered by Judge Hogshire December 16), the Defendants retained counsel; I believe on December 8. Mr. Lewis then filed his Motion for Relief from the Default Judgment on December 10, 2014.

Defendant's counsel also filed on January 5, 2015, a Motion To Stay Default Judgment to allow argument on January 7, 2015, twenty-two days after entry of default judgment. The Court did grant the temporary request, and suspended the judgment on January 6 to allow the parties to address the matter January 7.

After reconsideration, the Court reinstated Judge Hogshire's default judgment as to liability. The matter of damages remained an open issue. Mr. Lewis then filed his Motion To Dismiss.

While jurisdiction may be raised at any time during the proceedings, it is noteworthy that such was not raised at any time by the Defendants, who were representing themselves, when they filed the demurrer and the motion

in limine. More pertinent, it was not raised by the Defendants' current counsel when he filed his Motion for Relief and his Motion for a Stay. He thus submitted himself to the jurisdiction of the Court, and, in fact, twice uses the phrase that this Court "retains" jurisdiction. While parties cannot confer jurisdiction when it does not exist, his actions were tantamount to acknowledging that the Court had jurisdiction. The case of *Virginian-Pilot v. Dow Jones*, 280 Va. 464 (2010), cited by Defendant (which did not address the sufficiency of the pleadings), is in my view distinguishable. That case actually does deal with true "subject matter" jurisdiction, that is, whether the court has the authority to deal with a certain type of case. In our case, the Court's authority is limited only by a damages threshold, but the type of case is clearly within the Court's authority. And with the amended pleading allowed below, the objection is removed, which could not have occurred in the *Virginian-Pilot* case under the facts there.

The Defendants were put on notice that Plaintiffs were seeking some damages, though not the specific amount. While, if trial commenced and no clear allegation of specific damages had been made by that time, the Court may have taken a different view, as the case has not gone to trial yet on damages; so there is no prejudice in the Court's view. Default judgment was not requested nor granted as to damages; so that matter is not ready to be heard, and the Defendants can receive adequate notice if the Court allows an amended pleading.

Plaintiff is granted leave to amend as to damages, which, for purposes of jurisdiction, will relate back to the time of filing of the complaint. Leave to amend should be liberally granted to serve the ends of justice. Rule 1:8, Rules of the Supreme Court of Virginia. Although not controlling authority, other circuit courts have granted leave to amend when the complaint did not include an *ad damnum* clause or a request for a specific amount, or the proper amount, of damages. *Sawyer v. Pincus*, 83 Va. Cir. 251 (2011); *Lazarus v. Thomas*, 1991 WL 835244 (1991).

I have the order recently submitted by the Plaintiff and subsequently endorsed by Defendant, with his objection, dismissing the Motion To Dismiss and granting leave to amend, which I will enter. (I also have a separate order only granting leave to amend the complaint as to damages, which I believe was submitted earlier; it is not yet endorsed by Mr. Lewis, but since he has endorsed the other order, which also refers to the leave to file, I could waive his endorsement on that and just note his objection, but I do not see any need to enter that order now that I have the one that is more complete.) Mr. Lewis may then file an Answer to the amended complaint as to damages only.